<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

─────────────

**No. 03-7043**

─────────────

RONALD MILES,

                                   Petitioner - Appellant,

          versus

RONALD ANGELONE,

                                   Respondent - Appellee.

─────────────

**No. 04-6024**

─────────────

RONALD MILES,

                                   Petitioner - Appellant,

          versus

RONALD ANGELONE,

                                   Respondent - Appellee.

─────────────

**No. 04-6275**

─────────────

RONALD MILES,

                                   Petitioner - Appellant,

          versus

RONALD ANGELONE,

                                    Respondent - Appellee.

                    _____

Appeals from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, District
Judge.  (CA-00-204-AM)

                    _____

Submitted:  June 30, 2004          Decided:  December 17, 2004

                    _____

Before MICHAEL, KING, and SHEDD, Circuit Judges.

                    _____

Dismissed by unpublished per curiam opinion.

                    _____

Ronald Miles, Appellant Pro Se. Thomas Drummond Bagwell, Assistant
Attorney General, Richmond, Virginia, for Appellee.

                    _____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ronald Miles seeks to appeal the district court's orders denying his Fed. R. Civ. P. 60(b) motions seeking reconsideration of the court's order denying Miles's habeas corpus petition filed under 28 U.S.C. § 2254 (2000). The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); see Reid v. Angelone, 369 F.3d 363, 368-69, 374 n.7 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Miles has not made the requisite showing. We therefore deny Miles's motions for a certificate of appealability and dismiss the appeals.

Additionally, we construe Miles's notices of appeal and informal briefs on appeal as applications to file a second or successive habeas petition under 28 U.S.C. § 2254. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied,

___ U.S. ___, 124 S. Ct. 496 (2003). In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2000). Miles's claims do not satisfy either of these conditions. Therefore, we decline to authorize Miles to file a successive § 2254 petition. We deny Miles's motions for judicial notice, for summary judgment, for appointment of counsel, to take judicial notice and amend, for an evidentiary hearing, for the court to take independent action under Fed. R. Civ. P. 60(b)(6), for judgment, to review the record, for discovery, for production of documents, for sanctions under Fed. R. Civ. P. 11, and all other pending motions. We deny Miles's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED